UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MARVIN PETERS,

                                              Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER LAMONTE DAVIS, tax # 897300, NEW
YORK CITY POLICE OFFICER RAVI NARAYAN, tax #
930799, SERGEANT GREGORY JONES, tax # 901739,

                                              Defendants.

**FIRST AMENDED COMPLAINT**

12 Civ. 5369 (JGK) (MHD)

Jury Trial Demanded

------------------------------------------------------------------------- x

**PRELIMINARY STATEMENT**

       1.     Plaintiff brings this civil rights action against the City of New York and three New York City Police Officers alleging that, on September 2, 2010, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York State law by entering and searching his home without a warrant, falsely arresting him for possession of marijuana, using unreasonable force on him, illegally strip searching him, denying him a fair trial and maliciously prosecuting him.  Plaintiff was acquitted of all charges on January 13, 2012 after a bench trial.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claim of malicious prosecution which forms part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because plaintiff's *Monell* claim is based on acts and omissions that occurred in this District at One Police Plaza, the Internal Affairs Bureau and the Office of the Civilian Complaint Review Board.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claim of malicious prosecution brought against the individual defendant police officers, no notice of claim is required because the claim alleges intentional conduct. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3). *See Vesterhalt v. City of New York*, 667 F. Supp. 2d 292, 300-01 (S.D.N.Y. 2009);

2

*Kavazanjian v. Rice,* No. 03 CV 1923, 2008 WL 5340988, at *6 (E.D.N.Y. Dec. 22, 2008);

*Brenner v. Heavener,* 492 F. Supp. 2d 399, 404–05 (S.D.N.Y. 2007).

## PARTIES

7. Plaintiff is a United States citizen.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). Defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. On September 2, 2010, at approximately 12:00 p.m., plaintiff was standing in front of his home located at 1244 Sterling Place in Brooklyn.

11. At all relevant times, plaintiff was obeying the law and was not in possession of marijuana.

12. At the above time and place, the three defendant officers passed by in an unmarked car, stopped their car, and illegally followed plaintiff into his home.

13. The officers did not have a warrant or consent to enter plaintiff's home and there were no exigent circumstances to justify the entry.

14. The officers illegally searched plaintiff's home.

15. The officers did not find anything illegal in the home.

3

16. The officers seized plaintiff without probable cause and beat him by tackling him to the ground, punching and kicking him, twisting his arms, and handcuffing him excessively tight. Plaintiff was later taken by ambulance to Interfaith Hospital where he received treatment for his injuries.

17. The officers took plaintiff to the 77th Precinct.

18. While plaintiff was held in the 77th Precinct, Officer Davis, with the knowledge and approval of the other defendants, falsely charged plaintiff with possession of marijuana.

19. While plaintiff was held in the 77th Precinct, the defendants, acting in concert, illegally strip searched plaintiff in a precinct lavatory by requiring plaintiff to strip nude, squat, spread his buttocks and cough. This strip search of plaintiff was illegal because there was no reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes and because plaintiff was not being placed in a general jail population at the time of the search.

20. Nothing illegal was recovered from plaintiff in the precinct.

21. Plaintiff was eventually taken to Brooklyn Central Booking.

22. While plaintiff was held in Brooklyn Central Booking, Officer Davis, with the knowledge and approval of the other defendants, maliciously initiated a prosecution against plaintiff by misrepresenting to prosecutors that plaintiff was observed in possession of marijuana and by assisting in the creation of a criminal court complaint containing the false allegations, which Officer Davis signed under oath on September 2, 2010.

23. Plaintiff was arraigned in Criminal Court approximately 24 hours after his arrest and released on his own recognizance.

24. Plaintiff was required to make numerous court appearances after his arraignment.

25. Plaintiff hired a defense attorney at a cost of $10,000.

26. Plaintiff was acquitted of the charges on January 13, 2012 after a bench trial.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation and pain and bruising. Plaintiff also suffered financial loss from medical expenses and from hiring a defense attorney at a cost of $10,000.

## FIRST CLAIM
### (UNLAWFUL ENTRY AND SEARCH OF HOME)

28. Plaintiff repeats the foregoing allegations.

29. Defendants entered and searched plaintiff's home without a warrant, consent or exigent circumstances.

30. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for unlawfully entering and searching his home.

## SECOND CLAIM
### (FALSE ARREST)

31. Plaintiff repeats the foregoing allegations.

32. At all relevant times, plaintiff did not commit a crime or violation.

33. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

5

34. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

### THIRD CLAIM

### (UNREASONABLE FORCE)

35. Plaintiff repeats the foregoing allegations.

36. Defendants' use of force upon plaintiff or their failure to intervene to stop the use of force on him was objectively unreasonable and caused plaintiff pain and bruising.

37. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

### FOURTH CLAIM

### (ILLEGAL STRIP SEARCH)

38. Plaintiff repeats the foregoing allegations.

39. Defendants' strip search of plaintiff was illegal because there was no reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes and because plaintiff was not being placed in a general jail population at the time of the search.

40. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

### FIFTH CLAIM

### (DENIAL OF A FAIR TRIAL)

41. Plaintiff repeats the foregoing allegations.

42. Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because plaintiff was required to appear in court several times after the misrepresentations were made.

43. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## SIXTH CLAIM

## (MALICIOUS PROSECUTION)

44. Plaintiff repeats the foregoing allegations.

45. Defendants maliciously misrepresented to prosecutors that plaintiff was found in possession of marijuana and initiated a prosecution against him or played a role in initiating a prosecution against him.

46. Defendants' misrepresentations deprived plaintiff of liberty because he was required to appear in court several times after his arraignment.

47. The criminal case filed against plaintiff was ultimately dismissed.

48. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## SEVENTH CLAIM

## (FAILURE TO INTERVENE)

49. Plaintiff repeats the foregoing allegations.

50. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

51. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## EIGHTH CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

52. Plaintiff repeats the foregoing allegations.

53. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

54. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

55. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

56. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. On March 27, 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

57. In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

58. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

59. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

60. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

61. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## **NINTH CLAIM**

### (MALICIOUS PROSECUTION UNDER STATE LAW)

62. Plaintiff repeats the foregoing allegations.

63. Defendants maliciously misrepresented to prosecutors that plaintiff was found in possession of marijuana and initiated a prosecution against him or played a role in initiating a prosecution against him.

64. The criminal case filed against plaintiff was ultimately dismissed.

65. Accordingly, the individual defendants are liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: November 28, 2012

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)